Gauri DASS, a natural person; J.S.N.D., Inc., a California corporation, Plaintiffs–counter–defendants–Appellants,

v.

TOSCO CORPORATION, a Nevada corporation, Defendant–counter–claimant–Appellee.

Gauri Dass, a natural person; J.S.N.D., Inc., a California corporation, Plaintiffs-counter-defendants-Appellees,

v.

Tosco Corporation, a Nevada corporation, Defendant–counter–claimant–Appellant.

Nos. 07–55013, 07–55076.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 20, 2008.

Leighton M. Anderson, Bewley Lassleben, Et Al., LLP, Whittier, CA, for Plaintiffs–counter–defendants–Appellants/Plaintiffs–counter–defendants–Appellees.

Stephen Thomas Erb, San Diego, CA, for Defendant–counter–claimant–Appellee/Defendant–counter–claimant–Appellant.

Before: FISHER and PAEZ, Circuit Judges, and CAMPBELL, District Judge.*

* The Honorable David G. Campbell, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

In a previous appeal, we affirmed the district court's grant of summary judgment in favor of Tosco Corporation ("Tosco") and concluded that Tosco's nonrenewal of its franchise relationship with Gauri Dass and J.S.N.D., Inc. ("Dass") complied with the Petroleum Marketing Practices Act. On remand, the district court found that Tosco had been wrongfully enjoined, allowed Tosco to execute on the full amount of Dass' $120,000 cash security and declined to make an award in excess of the bond. We affirm.

The district court's finding that Tosco had established with "reasonable certainty" that it suffered wrongful injunction damages of at least $120,000 is not clearly erroneous. *See Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.,* 16 F.3d 1032, 1038 (9th Cir.1994). The preliminary injunction compelled Tosco to continue doing business with Dass on the terms of the 1997 Franchise Agreement for the 40 months between March 2002 and July 2005. There was sufficient evidence that Tosco could have reasonably charged any franchisee doing business at that location during that time period $8,000 to $9,000 more in rent per month than it actually was able to collect. This basis for Tosco's damages is "plausible in light of the record viewed in its entirety." *Minidoka Irrigation Dist. v. Dep't of Interior,* 406 F.3d 567, 576 (9th Cir.2005). We do not need to address Tosco's two other bases for damages.

The district court did not abuse its discretion in denying Dass' ex parte application for a continuance and leave to take limited discovery. *See United States v. Flynt,* 756 F.2d 1352, 1358–59 (9th Cir. 1985).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Unlike compensatory damages for wrongful injunction, claims for restitution are not limited by the bond amount. *See Caldwell v. Puget Sound Elec. Apprenticeship and Training Trust,* 824 F.2d 765, 767 (9th Cir.1987); *Buddy Sys., Inc. v. Exer–Genie, Inc.,* 545 F.2d 1164, 1168 (9th Cir.1976). In the form presented to the district court, none of Tosco's damages theories supports a restitutionary award. Our decision is without prejudice to any state court remedies Tosco might have.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.